**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

Jason L. M.,

      Plaintiff,

      v.

Commissioner of
Social Security,

      Defendant.

Case No. 2:25-cv-1058

Judge Michael H. Watson

Magistrate Judge Litkovitz

## OPINION AND ORDER

Jason L. M. ("Plaintiff") applied for a Period of Disability and Disability Insurance benefits, alleging a disability onset date of October 1, 2020. ECF No. 7 at PAGEID # 264. Plaintiff's application was denied initially and on reconsideration. *Id.* at PAGEID ## 134–54. He requested, and obtained, a hearing before an Administrative Law Judge ("ALJ"), who ultimately issued a decision finding Plaintiff not disabled. *Id.* at PAGEID ## 39–51. The Appeals Council declined to review the ALJ's decision, rendering it the final decision of the Commissioner of Social Security ("Commissioner"). *Id.* at PAGEID # 23.

Plaintiff then filed a timely Complaint in this Court. Compl., ECF No. 6. The Magistrate Judge has issued a Report and Recommendation ("R&R") recommending that the Court overrule Plaintiff's Statement of Specific Errors and affirm the Commissioner's decision. R&R, ECF No. 12. Plaintiff objects. Obj., ECF No. 13.

## I.   STANDARD OF REVIEW

The Court reviews *de novo* those portions of the R&R to which Plaintiff properly objected.  Fed. R. Civ. P. 72(b)(3).

## II.   ANALYSIS

Plaintiff's sole assignment of error was that the ALJ erred in analyzing the persuasiveness of Dr. Hugh Turner's opinion.  *See generally* ECF No. 8.  He argued that the ALJ only "half-heartedly" considered the supportability of Dr. Turner's opinion and erred in evaluating the consistency of Dr. Turner's opinion. *Id.*

The R&R recommended concluding that the ALJ's evaluation of Dr. Turner's opinion was supported by substantial evidence.  R&R, ECF No. 12 at PAGEID # 1388.  Specially, it recommended concluding that the ALJ adequately discussed both the supportability and consistency of that opinion.  *Id.* at PAGEID ## 1388–91.  Regarding supportability, the R&R explained that the ALJ concluded that Dr. Turner supported his opinion with explanation.  *Id.* at PAGEID # 1388.  Regarding consistency, the R&R concluded that, although the ALJ should not have compared Dr. Turner's opinions to Plaintiff's past work, the ALJ articulated three other reasons for properly concluding that Dr. Turner's opinions were inconsistent with the record.  *Id.* at PAGEID ## 1389–91.

On appeal, Plaintiff focuses only on how the ALJ evaluated the supportability of Dr. Turner's opinion.  *See generally* Obj., ECF No. 13.  Plaintiff argues that the ALJ concluded that Dr. Turner's opinion was "somewhat

supported." *Id.* at PAGEID # 1394.  This, however, implies that Dr. Turner's opinion was also somewhat *un*supported, he argues.  *Id.* at PAGEID # 1395.  He further contends that the ALJ failed to explain *which* portions of Dr. Turner's opinions were unsupported (and why), which renders the ALJ's supportability analysis insufficient.  *Id.* at PAGEID ## 1394–95.

The objection is **OVERRULED**.  Pursuant to 20 C.F.R. § 404.1520c(b)(2), the ALJ must explain how she considered the supportability and consistency of Dr. Turner's opinion.  With regard to supportability, "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520c(c)(1).  Similarly, "[t]he more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." *Id.* § 404.1520c(c)(2).

There are at least two problems with Plaintiff's objection.  First, Plaintiff's objection begins with the premise that the ALJ concluded that Dr. Turner's opinion was only partially supported (or only "somewhat supported," in Plaintiff's parlance).  From that premise, Plaintiff argues that the ALJ failed to adequately explain *why* she concluded that Dr. Turner's opinion was only partially (as opposed to fully) supported.

Case No. 2:25-cv-1058 Page 3 of 5

But, as the R&R explains, the premise is false.  The ALJ did not conclude that Dr. Turner's opinion was only "somewhat supported."  Rather, the ALJ acknowledged that the opinion was supported but nonetheless rejected the opinion as inconsistent with other record evidence.  ALJ Dec. 26, ECF No. 7 at PAGEID # 48.  Because the ALJ did *not* conclude that Dr. Turner's opinion was only "somewhat supported," she did not err by failing to further explain which portions of the opinion she deemed unsupported (or why).

Second, Plaintiff fails to explain how the ALJ's evaluation of the supportability of Dr. Turner's opinion resulted in error.  Dr. Turner did not opine that Plaintiff had any specific, work-related mental functional limitations.  Ex. 4F, ECF No. 7 at PAGEID ## 415–16.  To the contrary, despite opining that Plaintiff might face difficulties in communicating or understanding, Dr. Turner ultimately opined that there was no evidence that Plaintiff would be unable to remember and carry out instructions or maintain attention, concentration, persistence, and pace to perform simple tasks.  *Id.* at PAGEID # 415.  He offered no opinions as to functional limitations in the areas of responding appropriately to supervision and coworkers or to work pressures.  *Id.* at PAGEID ## 415–16.

Rather than focus on the ALJ's evaluation of Dr. Turner's opined functional limitations, Plaintiff takes issue with whether the ALJ sufficiently analyzed the supportability of certain statements contained in the "summary & conclusions" paragraph that precedes the discussion of functional limitations in Dr. Turner's report.  Therein, Dr. Turner opined that Plaintiff "may" "have difficulty

communicating his wants and needs in anything other than a rudimentary fashion" and "may" "have difficulties consistently understanding what is required of him[.]" Ex. 4F, ECF No. 7 at PAGEID # 415. As mentioned above, although the ALJ found those statements about Plaintiff's communication and understanding skills to be supported by Dr. Turner's examination, they were inconsistent with other record evidence. In turn, the ALJ ultimately concluded that Plaintiff could understand and remember simple tasks (not at an assembly line or production rate pace, or involving strict production quotas) and could tolerate occasional interaction with supervisors, coworkers, or the general public—which is not inconsistent with Dr. Turner's functional limitations opinions. *Compare* ALJ Dec. 22, ECF No. 7 at PAGEID # 44 *with* Ex. 4F, ECF No. 7 at PAGEID # 416.

## III.   CONCLUSION

Plaintiff's objection is **OVERRULED**. The Court **ADOPTS** the R&R, **OVERRULES** Plaintiff's Statement of Specific Errors, and **AFFIRMS** the Commissioner's decision. The Clerk **SHALL** enter judgment for Defendant and terminate this case.

**IT IS SO ORDERED.**

**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**